UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHERRY SCALERCIO-ISENBERG,

                Plaintiff,

-against-

CREDIT SUISSE GROUP; SELECT PORTFOLIO SERVICING, INC. (SPS); MITCHELL SCOTT KURTZ, ESQ.; ROBERT D. BAILEY, ESQ.,

                Defendants.

22-CV-3208 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Sparta, New Jersey, brings this *pro se* action, alleging that Defendants violated her rights under various federal laws including the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; 12 U.S.C. § 2605; and state law.[1] Named as Defendants are Credit Suisse Group; Select Portfolio Servicing, Inc. ("SPS"); Mitchell Scott Kurtz, Esq.; and Robert D. Bailey, Esq. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## BACKGROUND

Plaintiff brings this action regarding "a Residential Mortgage-Backed Security (RMBS) Transaction" involving Defendants[2] and others, including Goldman Sachs. (ECF 1, at 2.) Plaintiff asserts claims under 12 U.S.C. § 2605, which governs the servicing of mortgage loans

---

[1] Plaintiff paid the filing fees for this action on April 27, 2022.

[2] The complaint often attributes actions to "Defendants" without identifying any specific defendant.

and the administration of escrow accounts, the FCRA, the FDCPA, and state laws concerning deceptive business practices and mortgage fraud.

Plaintiff alleges that "false, derogatory information" has been furnished to "all the Credit Reporting Agencies," which has prevented her from qualifying for a refinancing of her mortgage. (*Id.* at 3.) Plaintiff's "monthly mortgage payments are stolen & Diverted to a bogus account titled 'Unapplied', an Account directed and controlled by the Defendants." (*Id.*) (all alterations, capitalization, and errors in original).

Plaintiff further alleges that Defendants Kurtz and Bailey, New Jersey-licensed lawyers who represented SPS in a previous action Plaintiff filed against it in the District of New Jersey,

> deceived the New Jersey District Court and a Sussex County Judge, and also the New Jersey Sparta Township Police Department, by filing a false Police report against Plaintiff, in order to obtain a Search & Seizure Order from a Judge and gain access to the Plaintiff's home inside and outside to intimidate and harass her[.]

(*Id.*) She asserts that the two lawyers began a "severe harassment and intimidation scheme" against her for filing a previous lawsuit against SPS in the District of New Jersey. (*Id.* at 4.)

Plaintiff alleges that multiple monthly mortgage payments were falsely reported as not having been made. She disputed the allegedly false information with the credit reporting agencies and SPS, which is the mortgage servicer, but they "refused to correct, delete and permanently remove the false and inaccurate information from the Plaintiff's Credit Report and they continued to Furnish the False, Disputed information to the [Credit Reporting Agencies]." (*Id.* at 5.)

Plaintiff previously filed an action against SPS in the District of New Jersey, and Defendants Kurtz and Bailey represented SPS. *See Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*, No. 3:20-CV-4501 (D.N.J. Jan. 27, 2021). In that action, Plaintiff and her husband sued SPS, asserting claims under the FCRA, FDCPA, and New Jersey state law. By

order dated January 27, 2021, the District of New Jersey granted the defendant's motion to dismiss the amended complaint for failure to state a claim on which relief may be granted. No. 3:20-CV-4501, Dkt. 32.

## DISCUSSION

Under the general venue provision, which applies to claims brought under the FCRA and FDCPA, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, (1) a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and (2) a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[3]

Plaintiff alleges that Credit Suisse Group "is licensed under New York law with business operations at a Corporate office" located in Manhattan and that SPS "is licensed under New York law as a Debt Collector . . . with a business office location" in Manhattan. (ECF 1, at 2.) Kurtz and Bailey are lawyers at the New Jersey law firm of Parker Ibrahim & Berg, and Plaintiff provides a Somerset, New Jersey, address for them. Because Plaintiff does not allege that all

---

[3] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

Defendants are residents of New York or New Jersey, venue is improper in both this District and the District of New Jersey under Section 1391(b)(1).

Because Plaintiff does not allege that a substantial part of the events or omissions giving rise to her claims occurred in this District, this court is not a proper venue under Section 1391(b)(2). Plaintiff rather alleges that events giving rise to her claims occurred in New Jersey. Under Section 1391(b)(2), in actions brought under the FDCPA, the claim arises in the location where a plaintiff receives a collection notice or phone call from a collection agency. *See, e.g., Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867-68 (2d Cir. 1992). Under Section 1391(b)(2), in actions brought under the FCRA, the claim arises where the harm occurred. *See, e.g., New York Mercantile Exch. v. Central Tours Int'l, Inc.*, No. 96-CV-8988, 1997 WL 370600, at *4 (S.D.N.Y. July 1, 1997) ("The place where the harm occurred is . . . relevant for venue purposes."); *see also Williamson v. American Mastiff Breeders Council*, No. 08-CV-336, 2009 WL 634231, at *7 (D. Nev. Mar. 6, 2009) ("If a harm suffered by a plaintiff is felt in a specific place, then that place is one where the actions giving rise to the claim or occurrence happened."). Here, the allegations in the complaint suggest that Plaintiff suffered the harm giving rise to her FCRA and FDCPA claims at her residence in Sparta, New Jersey.

Moreover, the events giving rise to Plaintiff's claims against Kurtz and Bailey – their alleged harassment of Plaintiff in retaliation for her suing their client in the District of New Jersey – also occurred in New Jersey. Because a substantial part of the events or omissions giving rise to Plaintiff's claims arose in the New Jersey, venue is proper in the District of New Jersey under Section 1391(b)(2). The Court therefore transfers this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a).

4

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this Court. The Clerk of Court is further directed to terminate all pending matters. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 2, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge